The Honorable Mike Todd State Senator 333 W. Court Street Paragould, Arkansas 72450
Dear Senator Todd:
This is in response to your request, on behalf of Corning City Attorney Gary Garland, for an opinion concerning the Corning Community Hospital. Specifically, the correspondence attached to your request indicates that in 1988 a sales tax was passed and dedicated to benefit the hospital, and "for no other purpose." In May of 1991, however, the hospital filed a Chapter 7 bankruptcy petition and ceased to provide any hospital services. The city council thereafter passed a resolution abolishing the sales tax. There was, however, a certain sum of sales tax monies accumulated in a segregated account from the time of the cessation of hospital services until the adoption of the resolution. The bankruptcy trustee sued to include this sum as an asset of the bankruptcy estate. A settlement was reached, with the approval of the bankruptcy judge, and the City of Corning, as a result of this settlement, has on hand $87,969.73 of surplus sales tax monies. The questions presented are whether these monies can be used for providing other health related services to the city, such as the recruitment of physicians, and the providing of medical facilities, and if not, what would be necessary to make these funds available for these purposes.
I should note that this office has not been asked to address any questions relating to the implementation of the sales tax, the dedication of the tax, its abolition, or the court proceedings which led to the surplus funds. We have been asked only to opine upon the proper and legal use of the surplus funds.
In response to your question, I have attached a copy of Op. Att'y Gen. No. 89-117, which addresses this question, and concludes that while sales tax monies raised for one purpose cannot be used for any other purpose (see Arkansas Constitution, art. 16, 11), a tax once levied may thereafter be levied for a different purpose. The opinion thus concludes that another election for the levy of the sales tax surplus would be an appropriate method for determining the purposes to which the revenues may be applied. In this manner the funds might be made available for the purposes described.
Failing a relevy of the funds, it appears that the case of Bellv. Crawford County, 287 Ark. 251, 697 S.W.2d 910 (1985) would require a refund of the surplus to the taxpayers. If such a refund was "impossible," however, the court in Bell sanctioned use of such surplus funds for "health care." It is unclear, however, to what extent the city could make the determination that a refund was impossible and allocate the funds for other health care services (which would be contrary to art. 16, § 11), without the guidance of a court.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh